UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD M. SIERADZKI,

            Petitioner,           Case No. 1:07-cv-121

v.                                         Honorable Gordon J. Quist

CARMEN PALMER,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

      I.      Factual Allegations

Petitioner is presently incarcerated in the Deerfield Correctional Facility. After entering a plea of *nolo contendere*, Petitioner was convicted of assault with intent to commit criminal sexual conduct, MICH. COMP. LAWS § 750.520g(1), in Muskegon County Circuit Court. On June 3, 2002, the trial court sentenced Petitioner to five to ten years' imprisonment. Petitioner did not pursue a direct appeal.

On November 22, 2005, Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court. The trial court denied Petitioner's motion for relief from judgment on February 22, 2006. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on October 11, 2006. On January 4, 2007, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner raises the following two grounds for habeas corpus relief, which correspond to the claims asserted in his motion for relief from judgment:

    I.     [PETITIONER] WAS DENIED [THE] EFFECTIVE ASSISTANCE OF [TRIAL] COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE[AS] TRIAL COUNSEL FAILED TO SUBJECT THE PROSECUTOR'S CASE TO MEANINGFUL ADVERSARIAL TESTING DUE TO THE CHAOTIC CIRCUMSTANCES SURROUNDING TRIAL COUNSEL'S PERSONAL AND PROFESSIONAL LIFE, WHICH RENDERED TRIAL COUNSEL INCOMPETENT TO REPRESENT CLIENTS.

    II.    THE TRIAL COURT ERRED WHEN IT FAILED TO SUA SPONTE DISQUALIFY TRIAL COUNSEL AS [PETITIONER'S] ATTORNEY WHERE[AS] THE COURT KNEW, OR SHOULD HAVE KNOWN, THAT THE CHAOTIC CIRCUMSTANCES SURROUNDING TRIAL

COUNSEL'S PERSONAL AND PROFESSIONAL LIFE RENDERED HIM INCOMPETENT TO REPRESENT CLIENTS.

(Application for Leave to Appeal; Attach. to Pet. at 4, 13.)

### II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 544 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not pursue a direct appeal from his judgment of conviction, which was entered on June 3, 2002, by the Muskegon County Circuit Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See id.* (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (Emphasis added). Under MICH. CT. R. 7.205(F)(3), Petitioner had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner, however, is not entitled to the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 530-31 (2003) (finding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, the decision must be considered final at the expiration of

the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Therefore, Petitioner's conviction became final on June 3, 2003, when the time for filing his delayed application for leave to appeal expired. Petitioner had one year, until June 4, 2004, to file his application for habeas corpus relief. Petitioner filed the instant petition on or about January 30, 2007, more than two years after the statute of limitations expired.[2]

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on June 4, 2004, his motion for relief from judgment, filed on November 22, 2005, does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp. 254, 259-60 (S.D.N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on January 30, 2007, and it was received by the Court on February 5, 2007. Thus, it must have been handed to prison officials for mailing at some time between January 30 and February 5. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642-43; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner fails to allege any facts or circumstances that would warrant the application of equitable tolling in this case. Petitioner argues that he did not pursue a direct appeal because he was not appointed appellate counsel, and he did not have the legal education to file an appeal. (Application for Leave to Appeal; Attach. to Pet. at 2.) At his sentencing, Petitioner contends that his attorney stated "there [are] no issues to appeal, and besides, Michigan law [does] not allow [you] to have an appointed appellate attorney." (Application for Leave to Appeal; Attach. to Pet. at 11.) Petitioner, however, failed to provide any independent confirmation of this statement. In contrast, the Muskegon County Circuit Court's opinion and order denying Petitioner's motion for relief from judgment provides that the trial court instructed Petitioner that he could request the appointment of an attorney to represent him on appeal. (App. A to Pet. at 2.) Further, Petitioner signed his notice of appeal rights, which specifically instructed: "if you cannot afford to hire an attorney to represent

- 6 -

you on appeal, the court may appoint an attorney." *Id.* The erroneous statement of Petitioner's attorney did not constitute the "extraordinary circumstance" that would justify equitable tolling. *See Pace*, 544 U.S. at 418. A petitioner's reliance on the unreasonable and incorrect advice of his attorney is not a ground for equitable tolling. *See Allen,* 366 F.3d at *403-04; Jurado,* 337 F.3d at 644; *Elliot v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000)); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). Petitioner failed to diligently pursue a direct appeal and § 2254 habeas corpus relief. Accordingly, the attorney's erroneous statement provides no basis for the application of equitable tolling.

Further, Petitioner's claim that he is untrained in the law does not warrant equitable tolling. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: February 26, 2007                                /s/ Hugh W. Brenneman, Jr.
                                                        Hugh W. Brenneman, Jr.
                                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).